IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY C. ROTE,                                              3:16-CV-1435-PK

                                                             FINDINGS AND
                                                             RECOMMENDATION

                              Plaintiff,

v.

LEAPFROG ONLINE CUSTOMER
ACQUISITION, LLC, and DOES 1
THROUGH 5,

                              Defendants.

_____

PAPAK, Magistrate Judge:

        Plaintiff *pro se* Timothy C. Rote (a citizen of Oregon) filed this action against defendant

Leapfrog Online Customer Acquisition, LLC ("Leapfrog") (a limited liability corporation

organized under Delaware law and headquartered in Illinois), and five Doe defendants (each

alleged to be a citizen of a state other than Oregon) on July 15, 2016. By and through his

Page 1 - FINDINGS AND RECOMMENDATION

complaint, Rote alleges that at all material times he was a "secured lender" of Northwest Direct Marketing, Inc. ("NDM"), that NDM and Leapfrog were parties to an agreement pursuant to which NDM agreed to provide Leapfrog with "inbound and outbound telemarketing services" and Leapfrog agreed to pay NDM for those services, that Leapfrog breached its payment obligations to NDM, and that Rote "has foreclosed on the Accounts Receivable of NDM for the purpose of collecting said receivables and paying the secured lenders. . . their balances owed and to return the balance for the benefit of the unsecured creditors of NDM." Arising out of the foregoing, Rote alleges Leapfrog's liability to him under Oregon law for breach of its contract with NDM. Rote seeks award of compensatory damages in the amount of $1,080,679.81 plus interest. It is Rote's position that this court may properly exercise diversity jurisdiction over his cause of action pursuant to 28 U.S.C. § 1332, based on the purported complete diversity of the parties and the amount in controversy.

Now before the court is Leapfrog's motion (#12) to dismiss Rote's cause of action for lack of federal subject-matter jurisdiction. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Leapfrog's motion to dismiss should be granted, and Rote's action should be dismissed without prejudice for lack of subject-matter jurisdiction.

## LEGAL STANDARD

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal*

*Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

A motion under Federal Civil Procedure Rule 12(b)(1) to dismiss for lack of subject-matter jurisdiction may be either "facial" or "factual." *See Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *citing White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack on subject-matter jurisdiction, the moving party asserts that a plaintiff's allegations are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the moving party disputes the factual allegations that, if true, would give rise to subject-matter jurisdiction. Where a defendant raises a facial challenge to subject-matter jurisdiction, the factual allegations of the complaint are presumed to be true, and the motion may be granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). By contrast, where a defendant raises a factual challenge to federal jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment," *Safe Air v. Meyer*, 373 F.3d at 1039, *citing Savage*, 343 F.3d at 1040 n.2, and "need not presume the truthfulness of the plaintiff's allegations," *id.*, *citing White*, 227 F.3d at 1242.

"Defective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002), *citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001).

## FACTUAL BACKGROUND

### I.    The Parties

Plaintiff Rote is an individual citizen of Oregon.  At all material times, Rote was the president, secretary, and registered agent of NDM.  At all material times, NDM was organized under Oregon law and headquartered in Oregon.

Defendant Leapfrog is a limited liability corporation organized under Delaware law and headquartered in Illinois.  Leapfrog has filed a disclosure statement (#11) asserting that "at least one" (unspecified) Oregon citizen is a limited partner of an (unspecified) limited partnership entity with ownership interests in two additional (unspecified) limited partnership entities, each of which has an ownership interest in third-party Leapfrog Online Direct Response, LLC ("LODR"), which is the 100% owner of Leapfrog.  In addition, Leapfrog has proffered in support of its motion the Declaration (#13) of Scott Epskamp ("Epskamp Decl.") to the same effect as its disclosure statement.

Although Rote alleges that the Doe defendants are citizens of states other than Oregon, he does not otherwise refer to them in his complaint, allege any conduct attributable to them, or suggest that any of them played any direct or indirect role in the complained-of conduct.

### II.    Rote's Allegations Regarding the Parties' Dispute[1]

On December 15, 2011, Leapfrog and NDM "entered into a contract for inbound and outbound telemarketing services.  Complaint, ¶ 9.  NDM provided such services to Leapfrog from a call center located in Beaverton, Oregon.  *See id*, ¶ 10.  In approximately April 2013,

---

[1]  Except where otherwise indicated, the following recitation constitutes my construal of the allegations of Rote's complaint in the light most favorable to Rote.

Leapfrog directed NDM to cease providing it with telemarketing services, and began relying on a new strategic partner to obtain such services. *See id.*, ¶¶ 11-12. Rote advised Leapfrog at approximately that time that pursuant to the agreement between Leapfrog and NDM, Leapfrog was not entitled to terminate its agreement with NDM without first complying with a contractual provision calling for gradual "ramp down of the contract volume." *Id.*, ¶ 13. Leapfrog nevertheless ceased doing business with NDM without first gradually ramping down the volume of services it required NDM to perform. *See id.*, ¶¶ 13. At some subsequent time, Rote "foreclosed on the Accounts Receivable of NDM for the purpose of collecting said receivables and paying the secured lenders, Wells Fargo and Rote, their balances owed and to return the balance for the benefit of the unsecured creditors." *Id.*, ¶ 20. It is Rote's position that, at the time Leapfrog ceased doing business with NDM, NDM was entitled to $776,127.41 in "ramp-down" payments, and that at the time he filed this action, that amount had grown with interest to $1,080,679.81. *See id.*, ¶¶ 17-18.

## ANALYSIS

Rote alleges that this court has subject-matter jurisdiction over his claim on the sole basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, and indeed diversity jurisdiction is the sole potentially applicable basis for federal subject-matter jurisdiction in light of the fact that Rote's claim is a creature of Oregon law. By and through the motion now before the court, Leapfrog raises a factual challenge to this court's exercise of diversity jurisdiction, relying in evidentiary support chiefly on the Declaration (#13) of Scott Epskamp.

As suggested above, Epskamp's declaration is not noteworthily informative. Epskamp declares that there is "at least one" citizen of Oregon in the chain of persons and entities with

ownership interests in Leapfrog's corporate parent LODR, without specifying the name of that Oregon citizen or the basis for Eskamp's personal knowledge of his or her citizenship, without specifying the name of the entity of which that Oregon citizen is a partner, and without specifying the names of the two additional partnership entities in which the entity of which the Oregon citizen is a partner has ownership interests, although he does assert that those latter two partnership entities have ownership interests in LODR. *See* Epskamp Decl., ¶¶ 3-7.

Leapfrog correctly asserts that the presence of an Oregon citizen among those with ownership interests in Leapfrog through partnership entities and/or through limited liability corporations would, in light of Rote's Oregon citizenship, defeat diversity jurisdiction over Rote's claim, without regard to the number of intervening partnerships or limited liability corporate entities. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990) (limited partnerships have the citizenship of all of their members); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (limited liability corporations have the citizenship of all of their members). To the extent Rote opposes Leapfrog's motion on the basis of the attenuated nature of the unspecified Oregon citizen's ownership interest in Leapfrog, his argument is therefore not well taken.

Rote additionally opposes Leapfrog's motion on the grounds that Leapfrog has not provided sufficient information regarding Leapfrog's citizenship to establish that it is a citizen of Oregon. There are two flaws in this argument. First, Leapfrog is not under an obligation to list the names of its owners, but rather only the states of which the partners and/or members of its owners are citizens. *See* L.R. 7.1-1. Second, it is not Leapfrog's burden to establish the absence of federal subject-matter jurisdiction but rather Rote's burden to oppose Leapfrog's motion with

proof that this court can properly exercise diversity jurisdiction over his claim. *See Kokkonen*, 511 U.S. at 377. Although Leapfrog's evidentiary basis in support of its motion is thin, it was sufficient to place a burden on Rote to establish the existence of diversity jurisdiction, and he has not met that burden here.

Finally, Rote appears to argue that jurisdiction could be appropriate here based on a purported forum-selection clause appearing in the agreement between NDM and Leapfrog. This argument, too, is without merit, as it is well established that parties to a contract lack authority to create federal subject-matter jurisdiction by agreement. *See Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982).

Leapfrog having presented a valid factual challenge to this court's exercise of subject-matter jurisdiction over Rote's claim, and Rote having failed to meet his burden to establish the existence of subject-matter jurisdiction, Leapfrog's motion to dismiss for lack of subject-matter jurisdiction should be granted, and Rote's action should be dismissed without prejudice for lack of subject-matter jurisdiction. Such dismissal will not prejudice Rote's right to refile his claim in a court of the State of Oregon.

## CONCLUSION

For the reasons set forth above, Leapfrog's motion (#12) to dismiss for lack of subject-matter jurisdiction should be granted, and Rote's claim should be dismissed without prejudice. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this 3rd day of March, 2017.

Honorable Paul Papak
United States Magistrate Judge